**Anthony HASWELL, Plaintiff–Appellant,**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a Amtrak, Defendant–Appellee.**

No. 07–16121.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 26, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Anthony Haswell, Tucson, AZ, pro se.

William L. Thorpe, Esq., Fennemore & Craig, PC, Phoenix, AZ, for Defendant–Appellee.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Anthony Haswell appeals pro se from the district court's summary judgment in favor of Amtrak in his action under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* ("FOIA"), seeking documents related to Amtrak's retention of McKinsey & Company. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's findings of fact for clear error, and its conclusions of law regarding the applicability of a FOIA exemption de novo. *Lane v. Dep't of Interior,* 523 F.3d 1128, 1135 (9th Cir.2008). We affirm.

The district court did not clearly err by concluding that Exemption 5 applies because the documents that Amtrak withheld are protected by the deliberative process privilege. *See* 5 U.S.C. § 552(b)(5) (exempting from disclosure "interagency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."); *Nat'l Wildlife Fed'n v. U.S. Forest Serv.,* 861 F.2d 1114, 1118 (9th Cir.1988) (explaining that Exemption 5 was intended to protect not simply deliberative *material,* but also the deliberative *process* of agencies) (emphasis in original); *see also Carter v. U.S. Dep't of Commerce,* 307 F.3d 1084, 1088 (9th Cir.2002) (stating that whether disclosure of the requested information would reveal anything about the agency's decisional process "is a fact-based inquiry where deference to the district court's findings is appropriate.") (citation and internal quotation marks omitted).

■ The district court also did not clearly err by concluding that Exemption 4 applies because the documents that Amtrak withheld constitute confidential, commercial information, the disclosure of which is likely to cause substantial competitive harm to McKinsey. *See* 5 U.S.C. § 552(b)(4) (exempting from disclosure "trade secrets and commercial or financial information obtained from a person and privileged or confidential."); *Lion Raisins Inc. v. U.S. Dep't of Agric.,* 354 F.3d 1072, 1079 (9th Cir.2004).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.